IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUMO-NAN LLC, a Hawaii limited liability company; NAN, INC., a Hawaii corporation, *et al.*<br><br>Defendants. | CIVIL NO. 14-00520 DKW-KSC<br><br>ORDER DENYING THE NAN DEFENDANTS' AUGUST 20, 2015 MOTION FOR RECONSIDERATION |

**ORDER DENYING THE NAN DEFENDANTS' AUGUST 20, 2015
<u>MOTION FOR RECONSIDERATION</u>**

Belatedly conceding what this Court has already determined – that their

August 3, 2015 Motion for Reconsideration ("Motion") was untimely filed within

the dictates of Local Rule 60.1 – and unable to accept responsibility for what they

admit is their own negligence in failing to even consult this Court's local rules

1

before filing the Motion, the Nan Defendants[1] now have the temerity to once again seek reconsideration, this time of the Court's August 6, 2015 Entering Order ("EO") that denied their previous reconsideration request. *See* Dkt. No. 118. The Nan Defendants assert that their untimely Motion should be overlooked by the Court for three reasons: 1) that this Court lacks the authority to promulgate a local rule with a time constraint that conflicts with the "at any time" language of Fed.R.Civ.P. 54(b); 2) that their late filing has neither prejudiced Plaintiff nor the Court; and 3) that their conduct was inadvertent in that they incorrectly relied on state court rules, rather than what they acknowledge to be the applicable federal rules. Each argument lacks merit.

First, the Nan Defendants admit that their initial Motion sought reconsideration based on alleged "manifest error of fact or law." Dkt. No. 118 at 4. As such, the Motion was specifically governed by L.R. 60.1(c)'s 14-day filing requirement. There is no dispute that the Nan Defendants' Motion was not filed within this 14-day window. *Cf.* Dkt. Nos. 97 (July 6, 2015 Order) and 112 (August 3, 2015 Motion).

---

[1]The Nan Defendants consist of Defendants Sumo-Nan LLC, Nan, Inc., Laumaka LLC, Patrick Shin, aka Nan Chul Shin, Mariko Kaneko Shin, and Patrick Shin, Trustee of the Patrick Shin Trust.

There is nothing in Fed.R.Civ.P. 54(b) that limits the District Court's authority to promulgate a rule like L.R. 60.1 that includes timeliness requirements. Federal Rule 54(b) permissively allows the court to review its interlocutory orders, such as those granting or denying partial dismissal or summary judgment, before final judgment is entered. Most of the cases cited by the Nan Defendants say no more and stand for the unremarkable proposition that federal district courts retain the inherent authority to reconsider or modify their interlocutory rulings. *See, e.g.*, Dkt. No. 118 at 2 (*citing City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001)). Federal Rule 54(b) does not dictate when that review must occur, nor does it purport to restrict district court discretion to manage reconsideration requests in the manner accomplished by L.R. 60.1.

Further, the Nan Defendants' reliance on two cases from this district is, at best, misplaced. In *BlueEarth Biofuels, LLC v. Hawaiian Electric Co., Inc.*, 2011 WL 1230144 (D. Haw. Mar. 28, 2011), Judge Ezra did nothing more than reiterate that district courts have the "inherent procedural power" to reconsider their interlocutory rulings – in other words, he reached the same general conclusion that can be attributed to *City of Los Angeles*. While this inherent authority "may" include the power to disregard L.R. 60.1(c), nowhere in *BlueEarth* does Judge Ezra conclude that the timing requirements of L.R. 60.1 conflict with, and must therefore

take a back seat to, Fed.R.Civ.P. 54(b). The Nan Defendants' citation of Judge Seabright's decision in *Yonemoto v. McDonald*, 2015 WL 1863033 (D. Haw. Apr. 22, 2015), is even more perplexing. Unlike Judge Ezra, Judge Seabright did consider the timing interplay between Fed.R.Civ.P. 54(b) and L.R. 60.1(c) in a case where plaintiff sought reconsideration of a partial summary judgment order entered more than a year prior. Despite acknowledging the very same "at any time" language of Fed.R.Civ.P. 54(b) repeated by the Nan Defendants here, Judge Seabright found L.R. 60.1 to apply and, in doing so, held that plaintiff's reconsideration request was "untimely" and "procedurally improper." *Yonemoto*, 2015 WL 1863033 at *7-8. Accordingly, while this Court does not, and has no reason to, quarrel with the general proposition that district courts have discretion to reconsider their interlocutory rulings before entry of final judgment, L.R. 60.1 exists for a reason, and that reason is not so that counsel may flout it whenever they choose.

Second, contrary to counsel's apparent belief, there is no prejudice or excusable neglect component to L.R. 60.1. In other words, the rule does not state that the Court will not consider a motion filed more than 14 days after entry of the order it challenges, *only if* prejudice to the parties or the court is shown. Nor does the rule say that late-filed motions will be considered if the late-filing party can show excusable neglect. Accordingly, the fact that the Nan Defendants' failure to

4

comply with L.R. 60.1 may have been "inadvertent' and "not prejudicial" is of no moment.[2]

## CONCLUSION

For the foregoing reasons, the Nan Defendants' August 20, 2015 motion for reconsideration is DENIED.[3]

IT IS SO ORDERED.

DATED: September 4, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Liberty Mutual Insurance Company v. Sumo-Nan LLC, et al.*; Civil No. 14-00520 DKW-KSC; **ORDER DENYING THE NAN DEFENDANTS' AUGUST 20, 2015 MOTION FOR RECONSIDERATION**

---

[2]Consideration of the excuse offered here would end in no different result. Counsel's reliance on state, rather than federal, procedural rules is hardly the type of explanation that would result in a favorable exercise of this Court's discretion.

[3]The Nan Defendants claim they are "entitled to a hearing" on reconsideration. Dkt. No. 118 at 4. The Court is aware of no such "entitlement" nor have the Nan Defendants cited any authority in support of this claim. In fact, although the Court retains the discretion to do otherwise, L.R. 7.2(e) specifically states that motions for reconsideration "shall be non-hearing motions to be decided on submissions." It appears this is yet another instance of counsel failing to read the applicable rules.